985 F.2d 575
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth P. COUCH, Defendant-Appellant.
 No. 92-30108.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1993.*
Decided Feb. 8, 1993.
 
 Appeal from the United States District Court for the Eastern District of Washington; No. CR-91-214-01-WFN, Wm. Fremming Nielsen, District Judge, Presiding.
 E.D.Wash.
 AFFIRMED.
 Before TANG, KOZINSKI and FERNANDEZ, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Couch conditionally pleaded guilty to one count of growing marijuana plants in violation of 21 U.S.C. § 841(a)(1). We review here the district court's denial of his motion to suppress marijuana plants recovered pursuant to a warrant search of his residence. See ER 10. Couch explicitly preserved his right to appeal the suppression ruling in the plea agreement. See SER 1 at 2, p 3.
 
 
 3
 A. Couch first argues that the use of a ruse by the police to gain entrance into his home--by pretending to be lost party-goers who needed to borrow the telephone--infringed his constitutional rights. He argues that "[t]he Fourth Amendment can be violated by guileful as well as forcible intrusions into a constitutionally protected area." Appellant's "Brief-in-Chief" at 7. Our precedents simply do not support this proposition. "An officer may, consistent with the fourth amendment, conceal his or her identity to obtain an invitation to enter a suspect's home." United States v. Bosse, 898 F.2d 113, 115 (9th Cir.1990) (per curiam); see also United States v. Glassel, 488 F.2d 143 (9th Cir.1973), cert. denied, 416 U.S. 941 (1974). Were it otherwise, undercover operations by police would vanish: Few people invite the police into their home so that they can be observed in flagrante delicto.
 
 
 4
 The only case Couch cites for his novel assertion is United States v. Phillips, 497 F.2d 1131 (9th Cir.1974). The police in Phillips claimed to be investigating a burglary, but once Phillips admitted them into his house they arrested him for a wholly unrelated crime. We reversed Phillips' conviction not because police had failed to identify themselves, but because they did identify themselves but misrepresented their mission in entering the house. Id. at 1134-35. The critical factor was that Phillips knew he was dealing with police officers. "Special limitations apply when a government agent obtains entry by misrepresenting the scope, nature or purpose of a government investigation." 898 F.2d at 115. While the Phillips rule prevents police from affirmatively misleading suspects as to the nature of an official visit, no case has extended Phillips to situations where the suspect is unaware that he is dealing with undercover agents. The officers here--unlike those in Phillips and Bosse--never identified themselves as police officers.
 
 
 5
 "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." Katz v. United States, 389 U.S. 347, 351 (1967). By inviting strangers off the street into his home, Couch exposed all of the sights, sounds and smells that could be detected from the inside of his living room and bathroom, which he permitted the officers to use. The officers therefore committed no Fourth Amendment violation in detecting the scent of cultivated marijuana, nor in observing of a heavy masking aroma of incense. This information was properly included in the warrant affidavits.
 
 
 6
 B. We review the issuance of a search warrant only to determine whether the magistrate had a substantial basis for concluding that probable cause existed. The magistrate must make a "practical, common sense decision whether, given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).
 
 
 7
 The affidavits in this case easily established probable cause to search. First, Agent Dudley's subpoena of the power consumption records at Couch's residence revealed unusually high electricity usage, both in comparison to average houses of the same size and in comparison to the previous year's usage at the same address. Cf. United States v. Motz, 936 F.2d 1021, 1024 (9th Cir.1991) (aural observation of large power generators justifies finding of probable cause to search for marijuana growing operation). Second, Agent Dudley performed several thermal inspections with a non-intrusive device, each time revealing disparities in the temperature of the walls and basement. He also discovered a particular roof vent which discharged a much higher level of heat than did the house's other vents. Third, the officers noticed suspicious covering over the basement windows; Agent Dudley stated that, in his experience, this was a common practice for concealing indoor growing operations. Fourth, the officers were able to smell a heavy odor of freshly cut marijuana from a sidewalk outside the house. See, e.g., United States v. Kerr, 876 F.2d 1440, 1445 (9th Cir.1989) (marijuana odor may itself establish probable cause).
 
 
 8
 Each of these officers had extensive experience with drug crimes. "We have repeatedly found the opinions of experienced law enforcement agents highly important in making probable cause determinations." United States v. Seybold, 726 F.2d 502, 504 (9th Cir.1984). The suspiciously high power usage, the results of the thermal inspection, the secretive covering of the basement windows and, of course, the tell-tale marijuana odors detected both inside and outside the house--all of these things suggested to trained law enforcement officers that marijuana was being grown inside Couch's residence. The magistrate was fully justified in basing his probable cause determination on these officers' affidavits. The district court therefore didn't err in denying the motion to suppress the evidence uncovered during the search.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3